FILED

MAY 0 1 2026 *ᵞᴴ*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF INDIANA**

U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

**Darren Bunton,**

1:26-cv-878-TWP-MJD

**Plaintiff,**

**v.**

**Robert F. Kennedy Jr., in his official capacity as Secretary of the United States Department of Health and Human Services, and**

**United States Department of Health and Human Services,**

**Defendants.**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Darren Bunton, proceeding pro se, alleges as follows:

## I.    INTRODUCTION

This action arises under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-1 et seq. ("Vaccine Act"), the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., and the Fifth Amendment to the United States Constitution.

Congress established the Vaccine Act to provide a fair, efficient, and accessible compensation system for individuals injured by vaccines through the Vaccine Injury Compensation Program ("VICP").

Central to that framework is the Vaccine Injury Table, which the Secretary is required to maintain and revise based on evolving scientific and medical evidence. 42 U.S.C. § 300aa-14.

Despite the nationwide administration of COVID-19 vaccines since 2020, the Secretary has failed to evaluate and update the Vaccine Injury Table accordingly.

This prolonged inaction has deprived Plaintiff of meaningful access to the statutory compensation framework established by Congress.

Plaintiff seeks relief compelling the Secretary to perform required statutory duties.

## II.    JURISDICTION AND VENUE

This Court has jurisdiction under:

28 U.S.C. § 1331

1

28 U.S.C. § 1361

5 U.S.C. §§ 702–706

Sovereign immunity is waived under 5 U.S.C. § 702.

Venue is proper under 28 U.S.C. § 1391€.

### III.    PARTIES

Plaintiff Darren Bunton is a resident of Indiana and a business owner whose enterprise has operated for approximately fifteen (15) years.

Defendant Robert F. Kennedy Jr. is sued in his official capacity.

Defendant United States Department of Health and Human Services ("HHS") administers the Vaccine Act.

### IV.    STATUTORY FRAMEWORK

The Vaccine Act created the VICP as a no-fault compensation system.

The Secretary is required to:

Establish the Vaccine Injury Table;

Revise and maintain it based on scientific evidence.

While the Secretary retains discretion over the substance of revisions, the obligation to maintain and evaluate the Table is mandatory and ongoing.

### V. FACTUAL ALLEGATIONS

A. Concrete Economic and Personal Injury

Plaintiff has suffered substantial and ongoing harm, including:

Loss of approximately $400,000 in personal income;

Business losses exceeding $1,000,000 since June 2021;

Medical expenses exceeding $100,000.

These harms are concrete, particularized, and ongoing.

B. Denial of Access to Statutory Framework

The VICP provides compensation through mechanisms dependent on the Vaccine Injury Table.

2

The Secretary's failure to update the Table has created a barrier preventing Plaintiff from meaningfully accessing that system.

Plaintiff is thereby denied:

Presumptive causation

Streamlined adjudication

Statutory compensation pathways

C. Traceability

Plaintiff's inability to access the VICP is directly traceable to Defendants' failure to perform statutory duties.

But for this inaction, Plaintiff would have access to the statutory compensation framework.

D. Redressability

A court order compelling evaluation and revision of the Table would restore Plaintiff's ability to seek compensation.

E. Procedural Injury

Plaintiff has been denied access to a statutory process designed to protect individuals in his position.

Such denial constitutes a cognizable injury under Lujan v. Defenders of Wildlife and Massachusetts v. EPA.

F. Similarly Situated Individuals

Numerous individuals across the United States face similar barriers.

Plaintiff anticipates that additional parties may join this action.

G. No Adequate Remedy

Plaintiff lacks any adequate alternative remedy.

Other compensation programs do not provide equivalent statutory protections.

### V.    CLAIMS FOR RELIEF

### COUNT I – APA (Failure to Act / Unreasonable Delay)

Plaintiff incorporates all prior paragraphs.

3

Courts must compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

Under Norton v. Southern Utah Wilderness Alliance, courts may compel agencies to perform discrete actions required by law.

The Secretary's duty to maintain and evaluate the Vaccine Injury Table is such a duty.

The multi-year failure to act constitutes unlawful withholding and unreasonable delay.

Delay is unreasonable under Telecommunications Research & Action Center v. FCC.

## COUNT II – MANDAMUS

Plaintiff incorporates all prior paragraphs.

Mandamus applies where a clear duty exists. See Heckler v. Ringer.

The Secretary has a continuing statutory obligation.

Plaintiff has no adequate remedy.

## COUNT III – DECLARATORY JUDGMENT

Plaintiff incorporates all prior paragraphs.

An actual controversy exists under MedImmune, Inc. v. Genentech, Inc..

## COUNT IV – FIFTH AMENDMENT

Plaintiff incorporates all prior paragraphs.

Under Mathews v. Eldridge, due process requires meaningful procedural protections.

Defendants' inaction denies such protections.

## VI.    RAYER FOR RELIEF

Plaintiff respectfully requests:

A. Declaratory judgment that Defendants violated federal law;

B. Order compelling evaluation and revision of the Vaccine Injury Table;

C. Injunctive relief requiring compliance;

D. Costs and further relief deemed proper.

## VIII. JURY DEMAND

Plaintiff demands trial by jury.

4

Respectfully submitted,

**Darren Bunton**

**Plaintiff, Pro Se**

**P.O. Box 20385**

**Indianapolis, Indiana 46220**

**317-203-9291**

**Dbunton@hotmail.com**

5